ent had been extended for seven years, from October 21, 1870 [Nos. 2,570 and 2,571]. The defendant resided in the city of New Orleans, and was engaged in the business of putting up and selling caustic alkali in that place. He was served with process while passing through the city of Philadelphia.

George Harding, for complainant.

George H. Earle, T. M. Marshall, and T. C. Lazear, for defendant.

McKENNAN, Circuit Judge. This is a motion for a preliminary injunction. The patent set up in the bill has been twice contested in suits brought in the circuit court for this district, upon substantially the same grounds stated in the answer of the respondent here, and it was sustained. For all the purposes of the present motion then, the plaintiff's title must be taken as established; and, as infringement is not denied, the plaintiffs would seem to be entitled to a preliminary injunction.

But the answer alleges that the respondent is resident in the state of Louisiana, and that the infringement of the plaintiffs' patent has been committed there, and not in the Eastern district of Pennsylvania. It is therefore urged that this court has no power to grant the injunction.

The patent laws confer exclusive jurisdiction upon the circuit courts of all suits, in law or equity, for invasion of the rights of inventors under them, and the judiciary act expressly authorizes such suits to be brought and process to be served upon defendants in any district in which they may be found. The conclusion is inevitable that where these conditions are complied with, the court has power to afford such measure of protection to the plaintiffs' rights as it is competent to afford in any case, of the subject matter of which it has jurisdiction, and in which the parties are before it by the due service of process. Certainly by no act of congress is this power restricted by the fact of the defendant's residence in another district, or that the wrong imputed to him was not committed in the district in which the suit is brought. The process of the court is primarily directed against the person of the wrong-doer, and it is no sufficient reason against the power of the court to award it, that it may not furnish to the plaintiffs effectual relief, or that its operation may be evaded by the defendant.

The bill was filed in the circuit court for the Eastern district of Pennsylvania; the defendant, Mendelsohn, was found there, and was there duly served with the subpœna. He is, therefore, subject to all such decrees as the court may adjudge to be necessary for the due administration of equity. The preliminary injunction against him is awarded.

[For other cases involving this patent, see note to Pennsylvania Salt Co. v. Gugenheim, Case No. 10,954.]

## Case No. 13,969.

### THOMPSON v. MILLIGAN.

[2 Cranch, C. C. 207.] [1]

Circuit Court, District of Columbia. June Term, 1820.

LOTTERIES — MARYLAND STATUTE — DISTRICT OF COLUMBIA—NOTE—ILLEGAL CONSIDERATION.

It was not lawful, in 1812, in the District of Columbia, to sell lottery tickets in the Potomac and Shenandoah Navigation Lottery, although the lottery was authorized by an act of the legislature of Maryland passed in 1809 [1 Dorsey's Laws, 590]; and a note given for the purchase of such tickets, in 1812, being given for an unlawful consideration was void.

[Cited in Smith v. Chesapeake & O. Canal Co., Case No. 13,024.]

Assumpsit, upon the defendant's promissory note for $2,422.50, given for the purchase of tickets in the second class of the Potomac and Shenandoah Navigation Lottery, authorized by an act of Maryland passed in 1809.

Mr. Jones, for defendant [Joseph Milligan], contended that the sale of such tickets in this county is void as being contrary to the act of Maryland, 1792, c. 58 [1 Dorsey's Laws, 288], adopted by the act of congress of 27th February, 1801 (2 Stat. 103), as decided by this court in Hawkins v. Cox [Case No. 6,243], at June term, 1819.

Mr. Key, for plaintiff.

The plaintiff [Jonah Thompson] became nonsuit.

———

THOMPSON (MITCHELL v.). See Case No. 9,669.

———

## Case No. 13,970.

### THOMPSON v. NORWOOD.

[1 Brunner, Col. Cas. 221; [2] 1 Cooke. 346.]

Circuit Court, D. Tennessee. 1813.

PUBLIC LAND—SURVEY—ENTRY—OCCUPATION.

1. A survey is placed on the same footing as an entry by the Tennessee act of 1807 [1 Scott's Laws, p. 981].

2. An occupation entry made without an occupancy to justify it is good, except as against persons who entered their claims as soon as the preference in favor of occupants ceased.

This was an ejectment brought to recover a tract of land lying in Franklin county. The plaintiff [Thompson's lessee] derived his title under a grant from the state of Tennessee to William Bean, dated the 8th day of December, 1808, upon an occupant entry made on the 3d day of August, 1807. The defendant claimed under a grant from the state of Tennessee, dated the 28th day of May, 1812, founded upon an occupant entry made the 3d of July, 1811, in pursuance of a previous survey of the 9th of March, 1808.

———

[1] [Reported by Hon William Cranch, Chief Judge.]

[2] [Reported by Albert Brunner, Esq., and here reprinted by permission.]